COPY IN CHAMBERS 

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANN RACHEL JORDAN, ET AL | * | CIVIL ACTION |
| | * | NO. 00-0383 |
| | * | |
| | * | SECTION "L" |
| VERSUS | * | |
| | * | MAGISTRATE: 1 |
| LAWRENCE W. VINCENT, ET AL | * | |

FILED: _____    _____
                                   DEPUTY CLERK

## MOTION AND ORDER FOR LEAVE TO
## SUPPLEMENT MEMORANDUM
## WITH ADDITIONAL EXHIBIT

NOW INTO COURT, through undersigned counsel, comes the plaintiff herein, who respectfully requests leave to supplement her original Memorandum in this matter with a brief **supplemental report by her expert, which explains the basis for delay in his completing his final report (information being unavailable).** Attached hereto is a copy of said supplemental report by Mr. Sunseri, a copy of which was forwarded to opposing counsel on the 6th of November, 2000 - by telecopier and post.

DATE OF ENTRY
NOV 1 6 2000

Respectfully submitted,

Mark M. Gonzalez, B.R. # 14299
Arthel J. Scheuermann, B.R. # 11766
**SCHEUERMANN & JONES**
210 Baronne Street, Suite 1800
New Orleans, Louisiana 70112
(504) 525-4361  FAX: 525-4380
ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this _14_ day of _November_ 2000 served a copy of the foregoing Pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.*

* and by telecopier

# MICHAEL G. SUNSERI

*Traffic Accident Reconstruction*

Post Office Box 73855    Metairie, Louisiana 70033-3855    Phone (504) 885-0667    Digital Pager (504) 565-9444

October 27, 2000

Mr. Mark M. Gonzalez
Scheuermann & Jones
210 Baronne Street, 18th Floor
New Orleans, Louisiana 70112

**Re: Jordan, et al versus Vincent, et al**

Dear Mr. Gonzalez:

I am sending this letter to you in order to follow-up on our telephone conversation from earlier today. I hope this letter satisfactorily explains the need for certain types of information regarding the above captioned case.

This accident occurred at night in an area that is artificially illuminated by street lighting. Several witnesses saw the pedestrian crossing the street, but the driver of the vehicle that struck her stated that he did not see her in time to avoid the impact. Since the pedestrian lived for a period of time after the accident, the New Orleans Police Department did not write the type of investigative report that they write when a fatality is involved. That would include a detailed scale diagram of the accident scene.

The report does not include any measurements that would assist me in positioning the vehicle and the pedestrian relative to the roadway at impact. Although the accident scene was "shot" using surveying equipment, the fatality office was unable to find the file. Officer Mark Ducote told me that this could be the result of changing computers in the fatality office.

I have made numerous attempts to contact Officer Bovia, the investigating officer. These attempts have not been successful. It was my hope that he would remember how he determined the point of impact and whether or not his sketch on the back of the police report was an accurate representation of the positions of the pedestrian and the vehicle relative to the roadway at impact. As you already know, that sketch is not a scale diagram.

If I can get this information, I would use it to perform a nighttime visibility analysis at the accident site. This would require using an exemplar vehicle and pedestrian to perform testing at night. I would perform this testing as closely as possible to the day and time of the accident, at the same time of year, and under the same weather conditions. The tests should be professionally videotaped. In this manner, it would be possible to closely duplicate the lighting and visibility conditions that existed at the time of the accident.

Accredited by The Accreditation Commission for Traffic Accident Reconstruction (NO 352)

Mark M. Gonzalez
Page Two


When performing this type of analysis, it is critical that we know where the pedestrian was located when she was struck. There may be a significant difference in visibility if she had just stepped off of the curb or if she was in the middle of the roadway. Her position in the roadway would also have a bearing on whether or not the driver utilized the proper avoidance tactics.

It is my opinion that great care must be taken when analyzing pedestrian accidents that occur at night. In several past cases I have been surprised by the results of these nighttime investigations. If we cannot determine the position of the pedestrian and vehicle at the time of impact, I do not intend to perform this testing. It is my opinion that it would be unscientific to rely upon the results of any test in which the conditions governing the test are questionable.

If the needed information is forthcoming, I recommend that the testing be conducted. As I told you earlier, the cost of this testing would probably range between $2,000.00 and $3,000.00, depending on the cost of hiring a professional cameraman and locating an exemplar vehicle.

Sincerely,

*M. G. Sunseri*

Michael G. Sunseri
Consultant

/MGS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANN RACHEL JORDAN, ET AL | * | CIVIL ACTION |
| | * | NO. 00-0383 |
| | * | |
| | * | SECTION "L" |
| VERSUS | * | |
| | * | MAGISTRATE: 1 |
| LAWRENCE W. VINCENT, ET AL | * | |

FILED: _____     _____
                                                                    DEPUTY CLERK

**ORDER**

CONSIDERING THE FOREGOING request to supplement her memorandum with an additional exhibit in support of her Motion to Extend deadlines, let a copy of said Exhibit be attached to and made part of plaintiff's Memorandum for consideration by the Court.

New Orleans, Louisiana, this 16 day of Nov, 2000.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE